FILED
NOV 30 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEITH BYNUM, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV28–HEH
)
D. SAUNDERS, )
)
Defendant. )

# MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing Action)

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); see also *Martin*, 980 F.2d at 952. This principle only

applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff is suing Defendant D. Saunders, an institutional hearing officer at Nottoway Correctional Center, Plaintiff's place of incarceration. Plaintiff appears to challenge Defendant's failure to call the reporting officer to appear at his disciplinary hearing. As a result, Plaintiff was "placed in a[n] isolation cell for 30 days and [lost] wages for more than seven months." (Compl. 5 (capitalization corrected).) Plaintiff alleges that Defendant Saunders violated

2

Plaintiff's rights guaranteed by the Due Process Clause[1] and the Sixth Amendment.[2] Plaintiff seeks back pay in an unspecified amount, along with injunctive relief.

## Due Process Clause

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff was subject to a ten-day placement in isolation. Plaintiff fails to present any allegations that plausibly suggest that this limited confinement in isolation posed an "atypical and significant hardship." *Id.*; *see Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Odighizuwa v. Strouth*, Civil Action No. 7:06cv00720, 2007 WL 1170640, at *6 (W.D. Va. Apr. 17, 2007), *aff'd*, 261 F. App'x 498 (4th Cir. 2008) (No. 07-7089), *available at* 2008 WL 110937; *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006) (No. 05-6675), *available at* 2006 WL 2923707. Thus, Plaintiff cannot obtain relief for his placement in isolation.

As for the loss of his institutional employment, it is well-settled that inmates have no federally protected interest in a job assignment. *Williams v. Farrior*, 334 F. Supp. 2d 898, 904 & n.9 (E.D. Va. 2004). Plaintiff does not argue that any provision of Virginia law creates such an interest, nor does research reveal any Virginia statute that creates such a right. *See Washlefske v. Winston*, 234 F.3d 179, 184 (4th Cir. 2000). Because Plaintiff has not identified a protected liberty or property interest entitled to the protections

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1. Although Plaintiff invokes the Fifth Amendment, it is the Fourteenth Amendment that applies here.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. Const. amend. VI.

3

guaranteed by the Due Process Clause, it is RECOMMENDED that his due process claim be DISMISSED.

### Sixth Amendment

Plaintiff also claims that Defendant Saunders violated his rights under the Sixth Amendment. The Sixth Amendment, however, applies to "criminal prosecutions" only. U.S. Const. amend. VI. Accordingly, "[a]n inmate's rights at prison disciplinary hearings are defined by the Due Process Clause, rather than the Sixth Amendment guarantees for criminal prosecutions." *Coles v. Virginia*, No. 3:01cv131, 2001 WL 34804602, at *3 (E.D. Va. Nov. 7 2001) (*citing Wolff v. McDonnell*, 418 U.S. 539, 568-69 (1974); *see also Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004) (explaining that the rights to counsel and confrontation at prison disciplinary hearings arise from the Due Process Clause) (*citing Wolff*, 418 U.S. at 563; *Baxter v. Palmigliano*, 425 U.S. 308, 315-22 (1976)). It is therefore RECOMMENDED that Plaintiff's Sixth Amendment Claim be DISMISSED.

(September 8, 2010 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Plaintiff filed an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

4

474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

## III. BYNUM'S AMENDED COMPLAINT

Bynum's amended complaint is merely a longer explanation of his allegations in the cursory original complaint. Bynum states that he received an institutional infraction at Nottoway Correctional Center. (Am. Compl. ¶ 3.) At Bynum's disciplinary hearing, the hearing officer attempted to contact the reporting officer by radio, but the reporting officer was unavailable to be questioned. (Am. Compl. ¶ 5.) The disciplinary hearing continued, despite the reporting officer's absence. (Am. Compl. ¶ 9.) Bynum suggests that when the hearing officer radioed for the reporting officer, this indicated that the reporting officer was a "necessary" party for purposes of the hearing. (Am. Compl. ¶ 7.)

The Magistrate Judge's analysis applies with equal force to the Amended Complaint. Despite the additional facts, Bynum has failed to identify a liberty interest protected by the Due Process Clause.

Bynum's amended complaint does not state a claim upon which relief can be granted. Accordingly, the Report and Recommendation will be accepted and adopted, and the action will be dismissed with prejudice for failure to state a claim. The Clerk will be directed to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

Bynum's Motion for Appointment of Counsel will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

```
                 /s/
        Henry E. Hudson
        United States District Judge
```

Date: Nov. 30 2010
Richmond, Virginia